US DISTRICT COURT
WESTERN DIST ARKANSAS
**FILED**
02/01/2019

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF | ) ) ) ) |
| v. | ) Civil No. 19-5019 TLB ) |
| $24,990.00 IN UNITED STATES CURRENCY DEFENDANT PROPERTY | ) ) ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. §§ 841 *et seq.* and as such is forfeitable under 21 U.S.C. § 881(a)(6).

### THE DEFENDANT IN REM

2. The Defendant Property is $24,990.00 in United States currency (hereinafter referred to as "THE DEFENDANT PROPERTY"), which was seized from a 2015 Nissan Altima located at 16019 Skyline Drive, Garfield, Arkansas, which is in the Western District of Arkansas, Fayetteville Division, on October 3, 2018, and is presently in the custody of the U.S. Marshall Service.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. §§ 1355(a), 1355(b)(1)(A) and 1395(b). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881(a)(6).

4. This Court has *in rem* jurisdiction over THE DEFENDANT PROPERTY as:

   a. pursuant to 28 U.S.C. § 1355(b)(1)(A), acts or omissions giving rise to the forfeiture occurred in this district; and

   b. pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this district and THE DEFENDANT PROPERTY is found in this district.

5. Venue is proper in this district as:

   a. pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

   b. pursuant to 28 U.S.C. § 1395, because the action accrued in this district and THE DEFENDANT PROPERTY can be found in this district.

## BASIS FOR FORFEITURE

6. THE DEFENDANT PROPERTY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTS

7. Please see the Affidavit of Drug Enforcement Administration Special Agent Robert N. "Trey" Robinson, attached hereto as Exhibit "A." The attached affidavit is hereby incorporated herein as if word-for-word and made a part of this Complaint. As such, the Affidavit and all additional paragraphs are reincorporated here as if alleged herein and require a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that THE DEFENDANT PROPERTY be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,
DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: _____
Aaron Jennen
Assistant United States Attorney
Arkansas Bar No. 2004156
414 Parker Avenue
Fort Smith, AR 72901
(479) 783-5125
Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Robert N. "Trey" Robinson, hereby verify and declare under penalty of perjury that I am a Drug Enforcement Administration Special Agent, that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this __1__ day of __2__ 2019.

_____
Robert N. "Trey" Robinson
Special Agent
Drug Enforcement Administration

## EXHIBIT A

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR FORFEITURE OF PROPERTY

I, Robert N. "Trey" Robinson III, a Special Agent (SA) with the Drug Enforcement Administration (DEA), being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent (SA) with the Drug Enforcement Administration ("DEA"), United States Department of Justice, currently assigned to the New Orleans Field Division/Fayetteville Resident Office of DEA, High Intensity Drug Trafficking Area ("HIDTA"). I have been employed as a DEA Special Agent for over six years, having previously worked for twelve years as an officer in the Shreveport Police Department, including seven years as a narcotics detective and two years as a DEA Task Force Officer.

2. On October 3, 2018, DEA Fayetteville Resident Office (RO), DEA Oklahoma City District Office (DO) and the Benton County Sheriff's Office (BCSO) Narcotics Unit formulated plans to conduct a controlled delivery of approximately fifty (50) pounds of marijuana.

3. Oklahoma Bureau of Narcotics had conducted a traffic stop on a 2008 Chevrolet Suburban in Oklahoma that resulted in the seizure of fifty (50) pounds of marijuana.

4. The driver and Cooperating Defendant (CD) informed investigators that he/she was transporting the marijuana to Garfield, Arkansas, and planned on distributing the marijuana to Megan Wingett.

5. Upon further investigation, it was determined the address that the marijuana was to be delivered to was Megan Wingett's residence, identified as 16019 Skyline Drive, Garfield, Arkansas, which is located in the Western District of Arkansas, Fayetteville Division.

6. The CD informed investigators that he/she was to drop off the fifty (50) pounds of marijuana to Megan Wingett in exchange for cash and a Corvette.

7. The CD stated that once he/she acquired the cash and Corvette from Megan Wingett, he/she was to return with both the Corvette and cash to New Mexico.

8. The CD advised that he/she received the fifty (50) pounds of marijuana from a subject, identified as Gary Haidle, who resided in New Mexico.

9. The CD stated he/she was to be paid $15,000.00 by Gary Haidle, once he/she returned to New Mexico.

10. The CD informed investigators that Gary Haidle was Megan Wingett's cousin.

11. The CD agreed to cooperate with investigators on this date and complete the delivery of the fifty (50) pounds of marijuana to Megan Wingett in Garfield, Arkansas.

12. Agents with the DEA Fayetteville RO, along with officers with the Benton County Sheriff's Office, met with the CD at a predetermined location.

13. The CD was provided with an electronic monitoring device, and was followed by investigators to Megan Wingett's residence located at 16019 Skyline Drive, Garfield, Arkansas. The CD was notified by Megan Wingett via cell phone that, upon the CD's arrival, they would travel together to "Chris" house and take possession of a Corvette.

14. Upon the CD's arrival to Megan Wingett's residence, DEA agents and officers with the Benton County Sheriff's Office converged on the location at 16019 Skyline Drive, Garfield, Arkansas, and detained Megan Wingett and her sister, Michelle Allen, who were both standing outside of the residence next to a white 2015 Nissan Maxima.

15. On October 3, 2018, at approximately 12:05 a.m., I advised Megan Wingett of her rights per *Miranda*.

16. Megan Wingett informed investigators that her husband, identified as Tanner Wingett, was inside the residence asleep on the couch along with three children (all minors) who were also asleep in the residence.

17. DEA agents, along with BCSO officers, assisted by Megan Wingett, instructed Tanner Wingett to come outside of the residence where he was detained as well.

18. Megan Wingett awakened the three children inside the residence, and they came outside on the front porch of the residence.

19. Megan Wingett informed me that she was expecting the fifty (50) pounds of marijuana from the CD on this date.

20. Megan Wingett advised that she was in possession of $25,000.00 in U.S. Currency.

21. Megan Wingett informed me that the currency was in the front passenger seat of her 2015 Nissan Altima, bearing Arkansas license plate #585TFK, registered to Megan Wingett, 16019 Skyline Drive, Garfield, Arkansas.

22. Megan Wingett gave me verbal consent and written consent to BCSO Det. Jonas Edgmon to search her vehicle.

23. During a search of the vehicle, officers located the currency in the front passenger seat.

24. BCSO Sgt. Michael Kenninger photographed the currency, which was vacuumed sealed in clear plastic and inside a black plastic bag.

25. The currency was identified as Exhibit N-1, THE DEFENDANT PROPERTY.

26. Megan Wingett stated that Exhibit N-1 was derived from the distribution of illegal narcotics.

27. Megan Wingett also advised that she had recently received $15,000.00 from Christopher Ramirez.

28. Megan Wingett stated Ramirez had agreed to provide her with $15,000.00 and his 2001 Corvette in exchange for thirty (30) pounds of the marijuana that was being delivered by CD.

29. Megan Wingett advised that she had already received $15,000.00 from Ramirez, and it was part of Exhibit N-1 seized by SA Robinson.

30. However, Megan Wingett informed investigators that Ramirez was waiting for her and the CD to arrive at his residence in order to take possession of Ramirez's Corvette as additional payment for the marijuana.

31. Investigators searched the residence with Megan Wingett and Tanner Wingett's consent, and seized approximately three (3) pounds of marijuana that was packaged in three separate plastic bags for distribution.

32. Megan Wingett showed investigators where the marijuana was located underneath the residence in a five-gallon plastic bucket.

33. Investigators seized a small amount of marijuana that appeared to be for personal use inside the Wingett's bedroom.

34. Megan Wingett admitted that all of the illegal narcotics seized belonged to her.

35. Megan Wingett stated that her husband, Tanner Wingett, and her sister, Michelle Allen, had no knowledge of the marijuana or Exhibit N-1.

36. I advised Michelle Allen of her rights per *Miranda* at the location.

37. Allen advised that she did not have any knowledge of the fact that her sister Megan Wingett distributed illegal narcotics.

38. Allen advised that she did not have any knowledge of Exhibit N-1 as well.

39. I advised Tanner Wingett of his rights per Miranda at the location.

40. Tanner Wingett advised that he did not have any knowledge of the fact that his wife, Megan Wingett, distributed illegal narcotics.

41. Tanner Wingett advised that he did not have any knowledge of Exhibit N-1 as well.

42. Megan Wingett agreed to cooperate with investigators by traveling to Christopher Ramirez's residence, identified as 13918 North Road, Garfield, Arkansas, along with BCSO Det. Matthew Cline who was assigned to drive her.

43. It was determined by investigators that Ramirez was on Probation/Parole with a search waiver on file.

44. Once Det. Cline pulled into the driveway, he informed investigators and the K-9 Unit that Ramirez was approaching the vehicle, and they then converged on the location.

45. Ramirez was placed under arrest and was advised of his rights per *Miranda* by me as witnessed by Det. Cline.

46. Ramirez stated that he resided at the residence by himself, and that he was in possession of firearms and illegal narcotics inside his residence.

47. A search of the residence resulted in the seizure of over three (3) pounds of marijuana, firearms, and other assorted items including a 2001 Chevrolet Corvette.

48. On October 3, 2018, I, as witnessed by Resident Agent in Charge (RAC) Bryan Rorex, took possession of Exhibit N-1 from BCSO Det. Michael Kenninger, who had placed Exhibit N-1 at BCSO overnight storage for safekeeping.

49. On October 3, 2018, RAC Rorex and I transported Exhibit N-1 to Arvest Bank for an official count revealing a total of $24,990.00 U.S. Currency.

50. Arvest Bank Check #3010001098 was issued to the U.S. Marshal's Service in the amount of $24,990.00.

51. On December 17, 2018, the DEA Asset Forfeiture Section received a claim as to the defendant property from Rita Ramirez, who declared under penalty of perjury that, "I am an innocent owner of the property identified. I have done and have had no knowledge of any wrongdoing. Police entered my home without a warrant and took items belonging to me, based on the actions of my adult son who does NOT live with me and was NOT in my house." (emphasis in the original).

52. On December 17, 2018, the DEA Asset Forfeiture Section also received a defective claim from Christopher Ramirez, who declared under penalty of perjury that, "Some, or most of the property seized was mine. It was illegally seized. I live in the house across North Road from where my mom lives. Authorities seized this asset from my mother's house for which they did not have a warrant nor probable cause to obtain one. The assets seized had nothing to do with their investigation, and was not subject to forfeiture."

53. Rita Ramirez's and Christopher Ramirez's sworn statements are incorrect, as the defendant property was not seized from Rita Ramirez's home, but from Megan Wingett's vehicle.

## CONCLUSION

Based upon the information set forth above, your affiant respectfully submits that there is probable cause that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because they constitute 1) moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange;

or 3) moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of the Controlled Substances Act.

FURTHER AFFIANT SAYETH NOT.

*[signature]*
Robert N. "Trey" Robinson III
Special Agent, DEA

Subscribed to and sworn before me this __/__ day of ____2____ 2019.

State of Arkansas           )
County of Washington    )

Before me, the above authority personally appeared, Special Agent Robert N. "Trey" Robinson III, who having produced his Drug Enforcement Administration credentials as identification and having being duly sworn, states that the foregoing is true to the best of his knowledge, information, and belief.

Witness my hand and official seal on this __/__ day of ____2____ 2019.

*[signature]* Kristy Ray
Notary Public
Commission Expires: 11-25-2022

OFFICIAL SEAL
KRISTY RAY
NOTARY PUBLIC . ARKANSAS
WASHINGTON COUNTY
COMM. No. 12390801
COMM. EXP. 11/25/2022

(seal)